IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM DEAN HAWVER and SUSAN HAWVER, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 1:16-cv-3132-JMS-DML |
| METLIFE INSURANCE COMPANY USA, ) ) | |
| Defendant. ) | |

## PLAINTIFFS' PRELIMINARY WITNESS AND EXHIBIT LIST

Plaintiffs, William Dean Hawver and Susan Hawver ("the Hawvers"), by counsel, file herein their Preliminary Witness and Exhibit Lists.

### WITNESSES

1. Plaintiff, Susan Hawver;

2. Plaintiff, William Dean Hawver;

3. Representative(s) of MetLife Insurance Company, including, but not limited to:

    a. Lisa Browne, Care Coordinator;

    b. Gina Kain, Supervisor;

    c. Angie White, Senior LTC Appeals Specialist;

    d. Sarah Scanland, Manager, LTC Claims Operation

    e. Karin Fitzgerald, Director – LTC Claims Operation;

    f. Steven Kandarian;

4. Representative(s) of Miller's Senior Living;

5. Plaintiff William Dean Hawver's medical care providers, including but not limited to:

   a. Dr. Brent Huffman, IU Health Physicians;

   b. Dr. Greg Spurgin;

6. Kathleen List;

7. John Hardin;

8. Jennifer Joyce;

9. Any witness identified on Defendant's Witness List;

10. Any witness identified in the discovery process;

11. Any witness identified in any parties' Answers to Interrogatories, Responses to Request for Production of Documents, or any other discovery;

12. All witnesses deposed or to be deposed in this action;

13. All witnesses identified through deposition testimony in this action;

14. Any witness necessary for the purposes of rebuttal and/or impeachment; and

15. Any witness discovered between now and the time of trial.

  Plaintiffs note that additional individuals likely will be identified as discovery progresses in this matter. Plaintiffs may seek information from such persons to support its claims and/or defenses. Plaintiffs may modify or supplement this list of knowledgeable individuals based on its investigation and further discovery, pursuant to Fed. R. Civ. P. 26(e).

## **EXHIBIT LIST**

1. MetLife Insurance Policy Number 09863267 ("Policy");

2. Mr. Hawver's medical records and assessments;

3. March 8, 2016 Letter from Gina Kain to Attorney Dillman;

4. October 15, 2015 Letter from Dr. Huffman;

5. December 18, 2015 Report of Dr. Huffman;

6. May 6, 2016 Appeal Letter from Attorney Dillman to Gina Kain;

7. July 27, 2016 Letter from Gina Kain to Attorney Dillman;

8. November 27, 2015 Letter from Susan Hawver to Steven Kandarian;

9. All non-privileged correspondence between and among the Hawvers, the Hawvers' counsel, and MetLife regarding the Hawvers' claim for benefits, benefits authorization and MetLife's denial of benefits under the Policy;

10. Documentation pertaining to services provided by Miller's Merry Manor;

11. Documentation relating to the Hawvers' claim for Long-Term Care insurance benefits under the Policy;

12. Documentation relating to MetLife's authorization of the Hawvers' claim for benefits pursuant to the Policy;

13. Documentation relating to the Hawvers' entitlement to benefits under the Policy;

14. Documentation relating to the denial of benefits to the Hawvers and the Hawvers' appeal of MetLife's denial of benefits under the Policy;

15. Any documentation related to Plaintiffs' alleged damages, including but not limited to the following categories of damages:

    a. Documentation of entitlement to adjusted benefits from October 15, 2015 through December 18, 2015;

    b. Documentation of entitlement to benefits from date of eligibility through the re-adjusted eligibility date of October 15, 2015;

    c. Documentation of the Hawvers' ongoing attorney's fees and costs associated with the need to retain an attorney to recover the benefits due to be paid;

    d. Documentation of various costs incurred to pay for Mr. Hawver's care in the assisted living facility including but not limited to:

        i. Costs associated with the Hawver's need to downsize their home;

        ii. Interest on the loans the Hawvers were forced to take out to pay for Mr. Hawver's living expenses;

        iii. Additional taxes incurred due to disruption of the Hawvers' scheduled money to retirement account

        iv. Premium fees which should have been waived from February 2015 through January 2016.

    e. Documentation in support of punitive/exemplary damages for MetLife's bad faith delay and denial of benefits due to the Hawvers under the Policy.

16. Documentation relating to the Hawvers' prior claims for respite care made pursuant to a MetLife policy;

17. Documentation relating to MetLife's underwriting policies and procedures;

18. Documentation relating to MetLife's claims handling policies and procedures;

19. Documentation relating to MetLife's training policies and procedures for claim handling, benefits authorization and underwriting;

20. Communications relating to MetLife's training policies and procedures for claim handling, benefits authorization, and underwriting;

21. Communications relating to MetLife's underwriting policies and procedures;

22. Communications relating to MetLife's claims handling policies and procedures;

23. MetLife's underwriting file for the Hawvers' claim for long-term care insurance benefits pursuant to the Policy and all claim documentation under the Policy;

24. MetLife's claim file for the Hawvers' claim for long-term care insurance benefits pursuant to the Policy;

25. Any and all documentation regarding the insurance policy at issue in this lawsuit;

26. Any and all communications concerning the policy at issue in this lawsuit;

27. Any exhibit listed on any Exhibit List filed by any party to this lawsuit;

28. Any exhibit identified in the discovery process;

29. Any exhibit identified in any parties' Answers to Interrogatories, Responses to Request for Production of Documents, or any other discovery;

30. All exhibits to any deposition taken in this action;

31. All exhibits identified through deposition testimony in this action;

32. Any exhibit necessary for the purposes of rebuttal and/or impeachment; and

33. Any exhibits discovered between now and the time of trial.

Plaintiffs reserve the right to supplement these disclosures as investigation and discovery continues. By identifying or referring to the above-listed categories of documents, Plaintiffs do not waive any objection they may have to the admissibility of an individual document at trial.

Respectfully submitted,

**DILLMAN LAW GROUP**

By: *s/Audrey L. Smith*
Lisa M. Dillman, #18979-49
Audrey L. Smith, #26595-49
2344 S. Tibbs Avenue
Indianapolis, IN  46241
(317) 492-9569
(800) 533-4592 (fax)
Lisa@dillmanlawgroup.com
Audrey@dillmanlawgroup.com

## **CERTIFICATE OF SERVICE**

   This is to certify that a copy of the foregoing has been filed with the Clerk of the Court on July 28, 2017 using the CM/ECF system which sent notification of this filing to the following:

| | |
|---|---|
| Christopher N. Wahl, #24435-49 | Christopher F. Petillo |
| David J. Saferight, #30836-64 | DRINKER BIDDLE & REATH, LLP |
| HILL FULWIDER, P.C. | One Loagan Square, Suite 2000 |
| One Indiana Square, Suite 2400 | Philadelphia, PA 19103 |
| Indianapolis, Indiana 46204-2013 | T: (215) 988-3355 |
| T:  (317) 488-2000 | F: (215) 988-2757 |
| F:  (317) 630-2768 | Christopher.petillo@dbr.com |
| chris@hillfulwider.com | |
| *david@hillfulwider.com* | |

                *s/Audrey L. Smith*
                Audrey L. Smith

DILLMAN LAW GROUP
2344 South Tibbs Avenue
Indianapolis, IN  46241
(317) 492-9569
(800) 533-4592 (fax)
audrey@dillmanlawgroup.com